# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. PETERSEN,
        Petitioner,

v.                                   Case No. 12-CV-00200

JOHN PAQUIN, Warden,
Racine Correctional Institution,
        Respondent.

## DECISION AND ORDER

On February 27, 2012, James Petersen filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Iron County Circuit Court of first degree sexual assault of a child, and he is currently incarcerated at Racine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner was convicted under Wisconsin Statute § 948.02, and he asserts that he is being held in custody in violation of the Constitution of the United States because that statute is unconstitutional. Petitioner does not, however, provide any explanation of how

the law violates the U.S. Constitution. Therefore, the petition does not set forth a cognizable constitutional or federal law claim, and I will order petitioner to amend his petition by specifically describing how the law violates the Constitution. In amending his complaint, petitioner might find it useful to use the form titled "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." This form is available from the clerk's office, and I will ask the clerk's office to mail petitioner a copy of it.

**THEREFORE, IT IS ORDERED** that petitioner has until **May 21, 2012** to amend his petition. If petitioner fails to amend his petition, this case will be dismissed.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2012.

                    s/ Lynn Adelman
                    LYNN ADELMAN
                    District Judge